**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT TOLEDO**

| | | |
|---|---|---|
| JOSEPH SIDOTI, CARL SIDOTI, and ERIC CUNDIFF, on behalf of themselves and all other similarly situated individuals, | : : : : : | CASE NO.: 3:22-cv-1602 |
| Plaintiffs, | : : : | JUDGE: _____ |
| v. | : : : | MAGISTRATE JUDGE: _____ |
| ADVANCED MECHANICAL PLUS, LLC, | : : | |
| & | : : | |
| REMCO EQUIPMENT MAINTENANCE, LLC DBA RESTAURANT EQUIPMENT MAINTENANCE COMPANY, LLC | : : : | **JURY DEMANDED** |
| Defendants. | : : : : | |

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

Plaintiffs Joseph Sidoti, Carl Sidoti, and Eric Cundiff (collectively "Named Plaintiffs"), on behalf of themselves and all current and former non-exempt employees (hereinafter "Named Plaintiffs and the Putative Class Members") who worked for Advanced Mechanical Plus, LLC ("Defendant AMP") and/or REMCO Equipment Maintenance, LLC dba Restaurant Equipment Maintenance Company, LLC ("Defendant REMCO E. M., LLC") at any time from approximately September 9, 2019, through the final disposition of this matter, to recover compensation, liquidated damages, treble damages, and attorneys' fees and costs pursuant to the provisions of Sections 203, 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Named Plaintiffs and the Putative Class Members seek all available relief under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

Named Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their additional state law claims are asserted as individual claims as to the Ohio Wage Act and as a class action as to the OPPA claims pursuant to Federal Rule of Civil Procedure 23.

The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I.    INTRODUCTION

1.    Named Plaintiffs and the Putative Class Members seek to recover unpaid wages and unpaid overtime wages that Defendant owes to them and has failed to pay, in violation of 29 U.S.C. § 207 of the FLSA and the Ohio Acts.

2.    Accordingly, Named Plaintiffs bring this action, on behalf of themselves and all current and former non-exempt employees who worked for Defendant at any time from approximately September 9, 2019, through the final disposition of this matter, to recover unpaid overtime wages and related damages.

3.    Named Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

4.    Named Plaintiffs also pray that the Collective Action is certified pursuant to Section 216(b) of the FLSA and a Federal Rule of Civil Procedure 23 class action as to the Ohio Wage Act and the Ohio Constitution.

## II.    JURISDICTION AND VENUE

5.    The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

6.    This Court has supplemental jurisdiction over Named Plaintiffs' and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related

to Named Plaintiffs' and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

       7.     Venue in the Northern District of Ohio, Western Division is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business resides in this district.

### III.    THE PARTIES

       8.     Defendant Advanced Mechanical Plus, LLC ("Defendant AMP" or "Defendant") is a for-profit limited liability company organized under the laws of the State of Delaware, and with a principal place of business located at 216 N. Central Avenue, Lima, OH 45801 (Allen County). Process may be served upon its registered agent, CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

       9.     Prior to March 11, 2020, Defendant AMP operated under the business name REMCO Equipment Maintenance, LLC dba Restaurant Equipment Maintenance Company, LLC. Defendant REMCO Equipment Maintenance, LLC dba Restaurant Equipment Maintenance Company, LLC ("Defendant REMCO E. M., LLC"). Defendant REMCO E. M., LLC was a trade name. Defendant REMCO E.M., LLC is a foreign for-profit limited liability company licensed to do business in Ohio and organized under the laws of the State of Delaware. Process may be served upon its registered agent, CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

      10.     Defendant AMP and Defendant REMCO E. M., LLC are collectively referred to as "Defendants."

      11.     Per its own website, Defendant is a mechanical services firm based in Lima, Ohio that provides HVAC, refrigeration, plumbing, electrical and kitchen equipment services to restaurants and retail units in Ohio, Michigan, Indiana, Kentucky, and Western Pennsylvania.[1]

---

[1] *See* https://www.advancedmechanicalplus.com/our-story/, last visited on September 9, 2022.

12.     Named Plaintiff Joseph Sidoti is an adult resident of Kent, Ohio residing at 1234 Howe Road, Kent, OH 44240 (Portage County) and a current Technician employed by Defendant. Named Plaintiff Joseph Sidoti has given his written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Named Plaintiff Joseph Sidoti's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

13.     Named Plaintiff Carl Sidoti is an adult resident of Kent, Ohio residing at 478 Allen Drive, Kent, OH 44240 (Portage County) and a former Technician while employed by Defendant. Named Plaintiff Carl Sidoti has given his written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Named Plaintiff Carl Sidoti's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit B**.

14.     Named Plaintiff Eric Cundiff is an adult resident of Akron, Ohio residing at 1631 Battery B Street, Akron, OH 44305 (Summit County) and a former Technician while employed by Defendant. Named Plaintiff Eric Cundiff has given his written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Named Plaintiff Eric Cundiff's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit C.**

15.     Named Plaintiffs and the Putative Class Members will be collectively referred to as "Plaintiffs."

## IV.     STATEMENT OF FACTS

16.     During all times material to this Complaint, Defendants acted directly or indirectly, in the interest of an employer with respect to the Named Plaintiffs and the Putative Class Members.

17.     During all times material to this Complaint, Defendants were "employers" within the meaning of the FLSA, the Ohio Constitution and the Ohio Acts.

18.     During all times material to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

19.     During all times material to this Complaint, Named Plaintiffs and the Putative Class Members have been and are Defendants' employees pursuant to the Ohio Constitution and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20.     On approximately March 7, 2021, Defendant hired Plaintiff Joseph Sidoti to work as a Technician.

21.     On approximately March 28, 2021, Defendant hired Plaintiff Carl Sidoti to work as a Technician.

22.     On approximately March 28, 2021, Defendant hired Plaintiff Eric Cundiff to work as a Technician.

23.     Defendants—and not Defendants' clients or customers—employ Named Plaintiffs and the Putative Class Members as Technicians to provide, among other assigned tasks, HVAC, refrigeration, plumbing, electrical and kitchen equipment services to restaurants and retail units in Ohio, Michigan Indiana, Kentucky, and Western Pennsylvania.

24.     Technicians', including Plaintiffs', primary job duties were to travel to Defendants' customers' locations and perform installation, maintenance, and repair work on, among other things, Commercial HVAC/R units, commercial refrigeration and commercial kitchen equipment. In addition, they performed plumbing and electrical repairs.

25.     Technicians, including Plaintiffs, were not route salesman and did not execute contracts with Defendants' customers or prospective customers.

26.     Defendants employ Technicians, including Plaintiffs, to be scheduled for at least forty (40) hours each week.

27.     Technicians, including Plaintiffs, were hourly, non-exempt employees of Defendants.

28.     Defendants serve their customers in Ohio, Michigan, Kentucky, and Western Pennsylvania.

29.     Defendants' headquarters is located in Lima,[2] Ohio and physical locations in Columbus, Ohio and Dayton, Ohio.

30.     Defendants generally employ Technicians, including Plaintiffs, from their homes throughout Ohio, Michigan, Kentucky, and Western Pennsylvania.

31.     Technicians, including Plaintiffs, must travel from their homes to the location of the specific customer to which they are assigned on any given workday.

32.     Travel to and from a customer's location is a necessary and indispensable part of Plaintiffs' primary duties.

33.     Technicians, including Plaintiffs, are issued company vehicles to travel to the customers' location to which they are assigned on any given workday, and sometimes between the locations of one client or customer and another.

34.     Technicians, including Plaintiffs, travel directly from their homes to their first assigned job of the day and return directly home from their final job of the day

35.     While some Technicians live within 45-minutes of one of Defendants' physical office locations, other Technicians, including Plaintiffs, do not.

---

[2] While REMCO is not located in Ohio currently, when Defendant AMP operated as REMCO, its headquarters was in Lima, Ohio.

36.     Plaintiffs do not live within 45-minutes of one of Defendants' physical office locations to which they can report.

37.     Defendants employ dispatchers to coordinate directly with Technicians, including Plaintiffs, by phone, email and/or a company portal, assigning service requests to available Technicians as they come in.

38.     Technicians, including Plaintiffs, regularly receive their job assignments and itineraries via e-mail and/or text during weekend evening hours outside of their normal work schedules.

39.     As a result, Technicians, including Plaintiffs, were (and are) required to monitor their e-mails in anticipation of receiving their itineraries outside of paid work hours.

40.     Technicians, including Plaintiffs, have to review their itineraries outside of paid work hours so they could coordinate their travel plans accordingly for the next workday.

41.     At the start of each workday, Technicians, including Plaintiffs, report to their work vehicle at their house, notify their dispatcher that they are dispatching to the first job site, review their itineraries, review their work emails and/or work texts to check for any changes in job assignments, then add the address for the first job assignment and begin traveling.

42.     Technicians, including Plaintiffs, are required to notify their dispatcher upon arrival to the first job assignment, at the end of the last job assignment for the workday, and when arriving to their homes from their last job assignment.

43.     Defendants' requirement for Technicians, including Plaintiffs, to notify its dispatchers of such times is integral to Defendants' companywide pay policies and practices it uses to measure hours worked.

44.     Defendants' have a companywide policy called the Home Market Service Radius that applies to all Technicians, including Plaintiffs.

45.     The Home Market Service Radius policy states, "[a]ny first or last job that starts or ends outside of the 45 Minute Home Market Service Radius will be paid the excess travel time difference…REMCO will use www.mapquest.com travel time from center point of Home Market City to center point of destination city as the official travel time calculation."

46.     Defendant AMP continued to use the Defendant REMCO employee handbook after it started operating as Advanced Mechanical Plus, LLC.

47.     Defendants' use the Home Market Service Radius policy to not pay Technicians, including Plaintiffs, for any travel time for the 45-minutes of travel from their home until they reach the first assigned customer's location and Defendants do not pay any travel time for the 45-minutes of travel from the last assigned customer's location until they reach their home (hereinafter "Continuous Workday Travel"). .

48.     Instead, Defendants' only pay Technicians for travel time if the Continuous Workday Travel time exceeds 45 minutes.

49.     Defendants' companywide policy, applicable to all Technicians, including Plaintiffs, was to willfully not pay for Continuous Workday Travel despite controlling Plaintiffs' conduct during such travel, by way of example; by restricting their ability to run personal errands, stop for gas, or otherwise do as they would during non-work hours.

50.     During the Continuous Workday Travel, Technicians, including Plaintiffs, perform work activities that are necessary and indispensable to Defendants' business operations.

51.     While Defendants willfully did not pay Technicians, including Plaintiffs, for all of their Continuous Workday Travel time, Defendants benefited from the Continuous Workday Travel by charging its customers for the Technicians', including Plaintiffs', entire Continuous Workday Travel time.

52.     Upon information and belief, Defendants use the Home Market Service Radius time calculations to bill its customers for Technicians,' including Plaintiffs,' travel time.

53.     Thus, if the distance to the first customer is one hour according to the Home Market Service Radius time calculation, Defendants charge the customer for one hour of travel but pay the Technicians, including Plaintiffs, for 15 minutes.

54.     Defendants have a companywide policy called the "7-minute Rule" rounding policy that applies to all Technicians, including Plaintiffs.

55.     Under Defendant's "7-minute Rule" rounding policy, Technicians', including Plaintiffs', Clock-in and Clock-out time is rolled back to the latest 15-minute increment if the punch is from minutes one through seven and rolled forward to the next 15-minute increment if the punch time is from minutes eight through fifteen.

56.     In applying the company-wide "7-minute Rule", Defendants consider the Technicians', including Plaintiffs', Clock-in time to be when they notify the dispatchers when they leave their homes at the beginning of their workday and the Clock-out time to be when they notify the dispatchers when they arrive home at the end of the workday.

57.     Defendants' company-wide "7-minute Rule" impacts the extent of how much time Technicians, including Plaintiffs are not paid at the beginning of their workday and/or at the end of their workday.

58.     As a result of Defendants' willful and illegal companywide pay practices and policies, Defendants did not pay Technicians, including Plaintiffs, for all hours worked and for any hours worked over forty (40) in a workweek did not pay them at the rate of one-and-one-half times their regular rate of pay.

59.     Defendants willfully failed to pay the Named Plaintiffs and the Putative Class Members all of their wages within thirty (30) days of when they performed the work.

60.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtimes wages with respect to the Named Plaintiffs and the Putative Class Members in this action.

V.     **CAUSES OF ACTION**

## COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS

### A. FLSA COVERAGE

61.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

62.     The FLSA Collective is defined as:

**All Technicians who have been employed by Advanced Mechanical Plus, LLC and/or REMCO Equipment Maintenance, LLC dba Restaurant Equipment Maintenance Company, LLC, at any time from September 9, 2022, through the final disposition of this matter who do not live within a 45-minute drive radius of an Advanced Mechanical Plus, LLC's and/or REMCO Equipment Maintenance, LLC dba Restaurant Equipment Maintenance Company, LLC's physical location ("FLSA Collective" or "FLSA Collective Members").**

63.     Named Plaintiffs reserve the right to amend and refine the definition of the class they seek to represent based upon further investigation and discovery.

64.     At all times hereinafter mentioned, Defendants were and have been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

65.     At all times hereinafter mentioned, Defendants are and have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that said enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

66.     During the respective periods of Named Plaintiffs' and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

67.     In performing the operations hereinabove described, Named Plaintiffs and the FLSA Collective Members are and have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

68.     Specifically, Named Plaintiffs and the FLSA Collective Members are (or were) non-exempt employees of Defendants who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

69.     Indeed, Named Plaintiffs and the FLSA Collective Members are (or were) employed solely by Defendants—and not Defendants' clients—when providing, among other assigned tasks, HVAC, refrigeration, plumbing, electrical and kitchen equipment services to restaurants and retail units in Ohio, Michigan, Indiana, Kentucky, and Western Pennsylvania. 29 C.F.R. § 552.109(a).

70.     At all times hereinafter mentioned, Named Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

71.     The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 62.

72.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

73.     Collective action treatment of Named Plaintiffs' and the FLSA Collective Members' claims is appropriate because Named Plaintiffs and the FLSA Collective Members have been subjected to the common business practices referenced in the paragraphs above, and the

success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of the statutory overtime wages.

74. Further, Named Plaintiffs' FLSA claims should proceed as a collective action because Named Plaintiff and the FLSA Collective Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

75. The Named Plaintiffs and the FLSA Collective Members have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid compensate Named Plaintiffs and the FLSA Collective Members for all hours worked and at one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

76. Named Plaintiffs are similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

77. Named Plaintiffs intend to send notice to all the FLSA Collective Members pursuant to Section 216 (b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendants' records.

## CLASS ACTION ALLEGATIONS

78. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

79. Named Plaintiffs bring their Ohio Wage Act and OPPA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

**All Ohio Technicians who have been employed by Advanced Mechanical Plus, LLC and/or REMCO Equipment Maintenance, LLC dba Restaurant Equipment Maintenance Company, LLC, at any time from September 9, 2019, through the final disposition of this matter who do not live within a 45-minute drive radius of an Advanced Mechanical Plus, LLC's and/or REMCO**

**Equipment Maintenance, LLC dba Restaurant Equipment Maintenance Company, LLC's physical location. ("Ohio Acts Class").**

80.     Class action treatment of Named Plaintiffs' Ohio Wage Act and OPPA claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

81.     The Ohio Acts Class (hereinafter "Ohio Acts Class Members" or "Ohio Acts Class"), upon information and belief, includes over 50 individuals, all of whom are readily ascertainable based on Defendants' standard payroll records and are so numerous that joinder of all class members is impracticable.

82.     Named Plaintiffs are members of the Ohio Acts Class, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

83.     Named Plaintiffs and Named Plaintiffs' counsel will fairly and adequately represent the class members and their interests.

84.     Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendants' companywide pay and recordkeeping policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

85.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA")
## FAILURE TO PAY OVERTIME WAGES

86.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

87.     During all times material to this Complaint, Defendants were (and are) the employer of the Named Plaintiffs and FLSA Collective Members within the meaning of 29 U.S.C. § 203(d).

88.     During all times material to this Complaint, Named Plaintiffs and the FLSA Collective Members were (and are) employed by Defendants within the meaning of 29 U.S.C. § 203(e)(1).

89.     During all times material to this Complaint, Defendants employed Named Plaintiffs and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(g).

90.     During all times material to this Complaint, Defendants were (and are) an employer subject to the FLSA.

91.     During all times material to this Complaint, Named Plaintiffs and the FLSA Collective Members have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.  *See* 29 C.F.R. §§ 541.0, *et seq.*

92.     Defendants, as described above, violated the FLSA by failing to pay Named Plaintiffs and the FLSA Collective Members for all hours worked and at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

93.     Named Plaintiffs and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of the Complaint.

94.     During all times material to this Complaint, Defendants regularly employed Named Plaintiffs and the FLSA Collective Members to work more than forty (40) hours in a workweek.

95.     During all times material to this Complaint, Defendants violated the FLSA by repeatedly failing to pay Named Plaintiffs and the FLSA Collective Members for all the hours they worked and the legally mandated overtime premium rate at no less than one and one-half times their regular rate for all the hours they worked in excess of forty (40) in a workweek.

96.     Defendants knew and/or lacked a good faith basis for not paying Named Plaintiffs and the FLSA Collective Members for all the hours they worked and the legally mandated overtime premium rate at no less than one and one-half times their regular rate for all the hours they worked in excess of forty (40) in a workweek to which they were (and are) legally entitled.

97.     Defendants willfully violated and continue to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

**COUNT II**
**OHIO WAGE ACT**
**FAILURE TO PAY OVERTIME WAGES**

98.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

99.     The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq*.; *see also* 29 U.S.C. § 206(b).

100.    The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

101.    During all times material to this Complaint, Defendants were (and are) an "employer" covered by the Ohio Wage Act and thus has been required to comply with its mandates.

102.    During all times material to this Complaint, Named Plaintiffs and the Ohio Acts Class Members were covered "employees" of Defendants pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

103.    During all times material to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiffs and the Ohio Acts Class Members for all hours worked at the appropriate pay rate, including Defendants' repeated action of refusing to compensate Named Plaintiffs and the Ohio Acts Class Members for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

104.    During all times material to this Complaint, Named Plaintiffs and the Ohio Acts Class Members did not (and do not) receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

105.    During all times material to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to pay Named Plaintiffs and the Ohio Acts Class Members the legally mandated overtime premium at a rate no less than one and one-half Named Plaintiffs' and the Ohio Acts Class Members' regular pay rate for all hours worked in excess of forty (40) in one workweek.

106.    During all times material to this Complaint, Named Plaintiffs and the Ohio Acts Class Members were not (and are not) exempt from the wage protections of Ohio Law.

107.    During all times material to this Complaint, Named Plaintiffs and the Ohio Acts Class Members were not (and are not) exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

108.    In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

### COUNT III
### OHIO PROMPT PAY ACT-
### FAILURE TO PROMPTLY PAY WAGES
### CLASS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23

109.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

110.    During all times material to this Complaint, Defendants were (and are) Named Plaintiffs' and the Ohio Acts Class Members' "employer" and were (and are) required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

111.    The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

112.    During all times material to this Complaint, Defendants refused to pay Named Plaintiffs and the Ohio Acts Class Members all owed overtime wages at one and one-half times their normal hourly rate within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

113.    Named Plaintiffs and the Ohio Acts Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

114.    Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard of the OPPA's provisions.

### COUNT IV
### RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT
### CLASS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23

115.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

116.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. O.R.C. § 4111.08 and §§ 4111.14(G); *see also* 29 C.F.R. §§ 516.2, *et seq*.

117.     During all times material to this Complaint, Defendants were (and are) covered employers required to comply with the Ohio Wage Act's recordkeeping mandates.

118.     During all times material to this Complaint, Named Plaintiffs and the Ohio Acts Class Members were (and are) covered employees entitled to the Ohio Wage Act's protections.

119.     During all times material to this Complaint, Defendants violated the Ohio Wage Act by requiring Named Plaintiffs and the Ohio Acts Class Members to regularly perform off-the-clock work while failing to properly maintain accurate records of all hours that Plaintiffs worked each workday and within each workweek.

120.     Defendants' recordkeeping Ohio Wage Act violations were intentional, arbitrary, unreasonable, and done in bad faith with reckless disregard for Ohio law.

<u>COUNT V</u>
**FAILURE TO PROVIDE EMPLOYMENT RECORDS UPON REQUEST**
**CLASS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23**

121.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

122.     The Ohio Wage Act requires that an employer provide information regarding, among other things, the name, occupation, pay rage, hours worked for each day worked, and each amount paid for the specific employee who has requested that specific employee's own information. O.R.C. § 4111.014(G).

123.     During all times material to this Complaint, Defendants were (and are) covered employers required to comply with the Ohio Wage Act's recordkeeping mandates.

124.     During all times material to this Complaint, Named Plaintiffs and the Ohio Acts Class Members were (and are) covered employees entitled to the Ohio Wage Act's protections.

125.    The law firm of Brian G. Miller Co., LLP sent a letter to Defendants on May 20, 2022, via U.S. Certified Mail, to 206 North Central Avenue, Lima, Ohio 45801 on behalf of Named Plaintiffs requesting the information mentioned in ¶122. **Exhibit D.**

126.    On May 23, 2022, such correspondence was delivered to Defendant's Lima, Ohio office location.

127.    An individual, named "K. Hall" signed for receipt of the letters on May 23, 2022. **Exhibit E.**

128.    Upon information and belief, "K. Hall" is an employee and authorized representative of Defendant AMP.

129.    Defendants have failed to respond to the May 20,2022 request.

130.    As of the date of the filing of this Complaint, Defendants have failed to respond to any of the requests made on behalf of Plaintiffs, thereby violating Ohio Revised Code § 4111.14(G).

131.    Defendants' conduct described herein was willful, intentional, unreasonable, arbitrary, and done in bad faith.

132.    As a result of Defendants' violation of Ohio Revised Code § 4111.14(G), Named Plaintiffs are entitled to damages.

## <u>COUNT VI</u>
## CIVIL PENALTIES FOR CRIMINAL ACTS
### O.R.C. § 2307.60

133.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

134.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

135.    By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiffs and the FLSA Collective members have been injured as a result.

136.    O.R.C.  § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

137.    As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and the FLSA Collective members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs pray that this Court enter the following relief:

A.    An Order certifying a collective action pursuant to 29 U.S.C. § 216(b) for the FLSA Collective members;

B.    Designating Named Plaintiffs as representatives for the FLSA Collective and designating counsel of record as Class Counsel;

C.    Issuing proper notice to the FLSA Collective members at Defendants' expense;

D.    Unpaid overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the FLSA Collective members;

E.    An Order certifying an Ohio Rule 23 Ohio Acts Class pursuant to Federal Rule of Civil Procedure 23;

F.    Designation of the Named Plaintiffs as representatives of the Ohio Acts Class members and counsel of record as Class Counsel;

G.    A declaratory judgment that the practice complained of herein is unlawful under Section 34a, the Ohio Wage Act and the OPPA;

H.    Awarding Named Plaintiffs and the Ohio Acts Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

I.    Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient to compensate Named Plaintiffs and the Ohio Acts Class members and deter future

violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

      J.      Compensatory and punitive damages under O.R.C. § 2307.60.

      K.      Awarding pre-judgment and post-judgment interest;

      L.      An award of prejudgment and post-judgment interest;

      M.      An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

      N.      Any other relief to which the Named Plaintiffs, the FLSA Collective members, and the Ohio Acts Class members may be entitled.

## JURY DEMAND

The named Plaintiffs respectfully request a trial by Jury on all claims.

Dated: September 9, 2022              Respectfully Submitted,

                              */s/Robert E. DeRose*
                              Robert E. DeRose (OH Bar No. 0055214)
                              **BARKAN MEIZLISH DEROSE COX, LLP**
                              4200 Regent Street, Suite 210
                              Columbus, OH 43219
                              Phone: (614) 221-4221
                              Facsimile: (614) 744-2300
                              bderose@barkanmeizlish.com

                              */s/Adam L. Slone*
                              Adam L. Slone (OH Bar No. 0093440)
                              **BRIAN G. MILLER CO., L.P.A.**
                              250 West Old Wilson Bridge Road, Suite 270
                              Worthington, Ohio 43085
                              Phone: (614) 221-4035
                              Fax: (614) 987-7841
                              als@bgmillerlaw.com

                              *Counsel for Named Plaintiffs and the Putative Class*